

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NICHOLAS S. ALTIMARI,

      **Plaintiff,**

v.                                                                              CIVIL ACTION NO. 2:08cv486

BEVERAGE MARKETING USA, INC.,

      **Defendant.**

## *MEMORANDUM OPINION & ORDER*

Before the Court is Defendant's Renewed Motion for Judgment as a Matter of Law or in the alternative, for a New Trial. Having held a jury trial and carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination without an additional hearing. For the reasons below, the Court **DENIES** Defendant's Motion for Judgment as a Matter of Law or for a New Trial.

### I. FACTUAL AND PROCEDURAL HISTORY

Nicholas Altimari ("Altimari") was hired as a Special Projects Manager for Beverage Marketing USA, Inc. ("BMU") in November 2006, and the parties agreed to Altimari's employment through a letter agreement. (Compl. ¶18.) Altimari's duties were initially directed to pending litigation in New Jersey state court, referred to as "the Maplewood case." (Compl. ¶¶18-19.) At all times during his employment, Altimari was a resident of Midlothian, Virginia, and he would commute from Virginia to New Jersey during the week. (Compl. ¶¶1, 21.) He performed business activities at home in Virginia and in an office provided in New Jersey. (Compl. ¶21.)

On March 9, 2008, Altimari's employment was terminated through a telephone call made by David Menashi, ("Menashi"), BMU's Chief Executive Officer ("CEO"), from outside Virginia to Altimari's home in Midlothian. (Compl. ¶¶14, 26.) (Compl. ¶26.) Prior to this telephone call, Menashi engaged in discussions with Domenick Vultaggio ("Vultaggio"), a principal of BMU, regarding Altimari's employment. (Compl. ¶26.)

On May 6, 2008, Altimari filed a Complaint asserting breach of contract, wrongful termination, quantum meruit, right to declaratory relief for a lien for attorneys' fees pursuant to Va. Code § 54.1-3932, and conspiracy to tortiously interfere with contract. On August 5, 2009, the jury trial commenced on the breach of contract claim and the wrongful termination claim. After the close of Plaintiff's evidence, Defendant moved for judgment as a matter of law which the Court denied. At the conclusion of all evidence, Defendant renewed his motion for judgment as a matter of law which the Court also denied. After a two-day trial, the jury found in favor of Plaintiff on the breach of contract claim and in favor of Defendant on the wrongful termination claim. Defendant filed this renewed motion for judgment as a matter of law, and in the alternative, for a new trial, on August 19, 2009.

## II. LEGAL STANDARD

### A.   Judgment Notwithstanding the Verdict

A district court may grant a motion for judgment as a matter of law if there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmovant. *See* Fed. R. Civ. P. 50(b). In assessing legal sufficiency, a court may not retry factual findings or credibility determinations the jury has reached. Instead, a court must ignore the substantive weight of any evidence supporting the moving party and assume that any testimony in favor of the nonmovant is credible. *Dennis v. Columbia Colleton Med. Ctr.*, 290 F.3d 639, 645 (4th Cir. 2002).

B.   **New Trial**

Under Federal Rule of Civil Procedure 59(a), a federal district court will grant a motion for a new trial on all or part of the issues if the verdict (1) is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536 (4th Cir. 2003). In considering a motion for a new trial, the district court may weigh the evidence and consider the credibility of the witnesses. *Dennis*, 290 F.3d at 650.

### III. DISCUSSION

In order to find for the plaintiff on a breach of contract claim in Virginia, the jury must have evidence that (1) a legally enforceable obligation existed, (2) defendant breached that obligation, and (3) the plaintiff incurred damages or injury based on that breach. *Sunrise Continuing Care LLC v. Wright*, 277 Va. 148, 671 S.E.2d 132 (2009). The Court admitted Plaintiff's Exhibit 1, the contract itself, without opposition. Tr. 46, 96. Defendant does not deny the existence of this contract, but instead argues that it is invalid because of Plaintiff's legal work under the contract. Defendant argues that the contract is invalid because it should be construed as a contingency fee arrangement that does not conform to standards of professional responsibility, and correspondingly, that the jury should have been instructed that the contract should be construed against Plaintiff as the drafting lawyer.

From Plaintiff's Exhibit 1, the jury had sufficient evidence to find that a contract did exist and to find that contract to be an employment contract. Plaintiff's position in the company is described in the contract as being a "Special Projects Manager." *Id.* at 1. In addition, the contract directs him to report not only to BMU's General Counsel but also to the CEO. *Id.* This contract

provided for a salary of $15,000 a month as well as a bonus in the form of 10% of the Maplewood recovery. *Id.* at 2. Significantly, this contract was drafted by BMU. *Id.* at 2, Tr. 48, 74.

Beyond the evidence of the contract itself, Defendant's own witness Menashi explained in his direct examination that Plaintiff's specific intention was to work outside the legal industry, and that Plaintiff would report to Menashi on non-legal matters. Tr. 166-67. Mr. Altimari also stated that he "didn't want to come on as a lawyer." Tr. 45. There is no dispute that if Mr. Altimari had earned a bonus, whatever the sum may be, that he has not yet received it. From this, there is ample evidence to support the jury's verdict as to the existence of the contract and Defendant's breach thereof.

Defendant additionally argues that Plantiff did not put on sufficient evidence to establish that BMU recovered $838,000 in the Maplewood settlement. While the definition of "recovery" was contentious in the trial, Plaintiff presented evidence to support his position and the jury's verdict, with or without credibility assessments. Plaintiff's Exhibit 2, the Settlement Agreement for the Maplewood case, was entered without objection. Tr. 53, 96. Within the Settlement Agreement, it states that David Linker and LEG will pay Maplewood the sum of $680,000. Pl. Exh. 2 at 6. Menashi acknowledged that the company had already received payments of this sum. Tr. 173. In addition, the Settlement Agreement provides that David Linker and Linker Equipment Corp. will waive the right to all claims including a claim for $158,000. Pl. Exh. 2 at 11. Together, these sums equal $838,000. As there is no dispute the contract states that Plantiff will receive 10% of the Maplewood litigation recovery, the jury could find that the sum of the cash, the equipment and labor allowance, and the relinquished claim constituted the 'recovery' at issue in this case and accordingly, that Plaintiff should receive $83,800.

  Without retrying factual findings or credibility determinations the jury has reached, the evidence presented above is sufficient to support the jury's verdict. Furthermore, even when assessing credibility and weighing the evidence, the jury's verdict is not against the great weight of the evidence, based on false evidence, or one that would result in a miscarriage of justice. The vast majority of the evidence which provides for the jury's verdict, such as the Employment Contract and Settlement Agreement, was not disputed by either party. As a result, Defendant has not provided evidence to support the very high standard necessary to grant a Motion for Judgment as a Matter of Law or even the evidence necessary to support a Motion for a New Trial.

  Accordingly, Defendant's Motion for Judgment as a Matter of Law or in the Alternative, for a New Trial is **DENIED**.

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
October  , 2009