IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

FILED

OCT - 9 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

NICHOLAS S. ALTIMARI,

      Plaintiff,

      v.                                    **CIVIL ACTION NO. 2:08cv486**

BEVERAGE MARKETING USA, INC.,

      Defendant.

### *MEMORANDUM OPINION & ORDER*

Before the Court is Plaintiff's Motion for Sanctions pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying proceedings in this case. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Plaintiff's Motion for Sanctions is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Nicholas Altimari ("Altimari") was hired as a Special Projects Manager for Beverage Marketing USA, Inc. ("BMU") in November 2006, and the parties agreed to Altimari's employment through a letter agreement. (Compl. ¶18.) Altimari's duties were initially directed to pending litigation in New Jersey state court, referred to as "the Maplewood case." (Compl. ¶¶18-19.) At all times during his employment, Altimari was a resident of Midlothian, Virginia, and he would commute from Virginia to New Jersey during the week. (Compl. ¶¶1, 21.) He performed business activities at home in Virginia and in an office provided in New Jersey. (Compl. ¶21.)

On March 9, 2008, Altimari's employment was terminated through a telephone call made

by David Menashi, ("Menashi"), BMU's Chief Executive Officer ("CEO"), from outside Virginia to Altimari's home in Midlothian. (Compl. ¶¶14, 26.) (Compl. ¶26.) Prior to this telephone call, Menashi engaged in discussions with Domenick Vultaggio ("Vultaggio"), a principal of BMU, regarding Altimari's employment. (Compl. ¶26.)

On May 6, 2008, Altimari filed a Complaint asserting breach of contract, wrongful termination, quantum meruit, right to declaratory relief for a lien for attorneys' fees pursuant to Va. Code § 54.1-3932, and conspiracy to tortiously interfere with contract. Defendant filed a Motion to Dismiss Pursuant to 12(b)(6) on July 11, 2008, which the Court granted on Claim III and denied on Counts II and IV. Defendant also filed a Motion for Partial Summary Judgment on June 10, 2009 which the Court denied. Plaintiff filed a Motion in Limine regarding Defendant's proposed jury instructions which the Court granted.

On August 5, 2009, the jury trial commenced. After the close of Plaintiff's evidence, Defendant moved for judgment as a matter of law which the Court denied. At the conclusion of all evidence, Defendant renewed his motion for judgment as a matter of law which the Court also denied. After a two-day trial, the jury found in favor of Plaintiff on the breach of contract claim and in favor of Defendant on the wrongful termination claim. Defendant filed a renewed motion for judgment as a matter of law, and in the alternative, for a new trial, on August 19, 2009. Plaintiff filed a Motion for Sanctions pursuant to 28 U.S.C. § 1927 on August 28, 2009.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Beyond vexatious conduct, 28 U.S.C. § 1927 requires "a finding of counsel's bad faith as a

precondition to the imposition of fees." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 n.14 (4th

Cir. 1999) (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n. 25 (4th Cir.1991)).

Mere negligence does not rise to the level of bad faith and accordingly will not support the

imposition of sanctions under § 1927. *Thomas v. Ford Motor Co.*, 244 Fed. Appx. 535 (4th Cir.

2007).

### III. DISCUSSION

Plaintiff argues that Defendant has unreasonably and vexatiously multiplied the

proceedings by having made the arguments presented in Defendant's Motion for Judgment as

Matter a Law six times previously, and by presenting the same arguments again in its present

motion despite the Court's repeated rulings against the Defendant on these motions. In

particular, Plaintiff argues that Defendant has raised no new points or authorities, and that its

multiple motions based on the same argument are nothing other than an attempt to increase the

opposing party's costs. Furthermore, Plaintiff states that Defendant's arguments are inconsistent

and changing with whatever version of the facts best suits it at the time. Plaintiff also notes that

the Defendant did not raise an affirmative defense in its answer that the contract of employment

violated any ethical duties, nor did it present expert testimony on the subject at trial, and

therefore is making its motions in bad faith.

Defendant argues in response that the Motion for Judgment as a Matter of Law was

necessary to preserve its right of appeal pursuant to Rule 50 of the Federal Rules of Civil

Procedure. Defendant further disputes Plaintiff's assertion that its arguments were inconsistent,

noting the different evidence and assumptions involved in a Motion to Dismiss versus a Rule 50

motion. Defendant also maintains its position on Plaintiff's role as an attorney during the "initial

period".

While the Court has ruled on Defendant's arguments regarding whether the contract was a 'contingency agreement' at several points, the second half of Defendant's motion on whether the Plaintiff had adequately proved his damages rested on what the Plaintiff had shown at trial. If Defendant had the right to make its earlier motion pursuant to Rule 50 of the Federal Rules of Civil Procedure without sanctions, it is reasonable to renew that motion after trial. Though Defendant has undoubtedly been excessive in its repetitions of the same argument, there is not sufficient evidence of bad faith to warrant sanctions for successive motions. Furthermore, there is no indication of bad faith in Defendant's changed arguments from the beginning of the case to the later stages, as an inconsistent litigation strategy does not rise to the level of unreasonable and vexatious. Defendant likely should have known better than to make the same argument to the Court despite its previous failures to convince the Court thereof, but negligence alone without bad faith does not rise to the level of sanctionable conduct under § 1927.

Accordingly, Plaintiff's Motion for Sanctions is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
October   , 2009

Raymond A. Jackson
**United States District Judge**